USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/28/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
:
CITY OF PERRY, IOWA,                                                  :
:
                         Plaintiff,                        :      15-CV-8051 (JMF)
:
      -v-                                                           :      MEMORANDUM OPINION
:            AND ORDER
PROCTER & GAMBLE COMPANY, et al.,                                     :
:
                         Defendants.                       :
:
----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       In this case, familiarity with which is presumed, the City of Perry, Iowa ("Perry" or the "City"), brings a putative nationwide class action against several leading manufacturers of so-called "flushable wipes." In a prior Opinion, entered May 19, 2016, the Court dismissed several claims and two of the manufacturer defendants. *See City of Perry, Iowa v. Procter & Gamble Co.*, No. 15-CV-8051 (JMF), 2016 WL 2939511 (S.D.N.Y. May 19, 2016). As a result, four defendants now remain: Procter & Gamble Company ("P&G"), Kimberly-Clark Corporation ("Kimberly-Clark"), Nice-Pak Products, Inc. ("Nice-Pak"), and Rockline Industries ("Rockline"). On July 22, 2016, one of those remaining defendants, Rockline, filed a motion, pursuant to Title 28, United States Code, Section 1404(a), to transfer venue to the Southern District of Iowa. (Docket No. 136). The City, as well as defendants P&G and Kimberly-Clark, oppose transfer. (Docket No. 142). The only other remaining party, Defendant Nice-Pak, appears to be neutral, neither supporting nor opposing transfer. (*See* Docket No. 142 ("Transfer Opp'n") 2 n.1; (Docket No. 143 ("Rockline's Transfer Reply") 5). For the reasons that follow, Rockline's motion to transfer venue is DENIED.

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer a civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  Thus, in considering a contested motion to transfer venue, a court must first establish that the case could have been filed in the transferee district and, if so, then determine whether convenience and the interests of justice favor transfer.  *See, e.g.*, *Fuji Photo Film Co. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006).  The latter inquiry is guided by a non-exhaustive list of factors, including: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties, (8) the forum's familiarity with the governing law, and (9) trial efficiency and the interest of justice.  *See, e.g.*, *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010); *Larew v. Larew*, No. 11-CV-5771 (BSJ) (GWG), 2012 WL 87616, at *3 (S.D.N.Y. Jan. 10, 2012).  As a general matter, "a plaintiff's choice of forum should not be disturbed unless the balance of the factors tips heavily in favor of a transfer."  *Rush v. Fischer*, 923 F. Supp. 2d. 545, 556 (S.D.N.Y. 2013) (internal quotation marks omitted); *see N.Y. Marine & Gen. Ins. Co.*, 599 F.3d at 113-14 (holding that a party seeking to transfer venue must show that transfer is warranted by "clear and convincing evidence" and collecting cases).  At the same time, "[t]here is no rigid formula for balancing" the factors and "no single one of them is determinative."  *Larew,* 2012 WL 87616, at *3.  Ultimately, district courts "have broad discretion in making determinations of convenience under Section 1404(a) and notions of

convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006)

Applying those standards here, the Court easily concludes that transfer is not warranted. More specifically, although there is no dispute that the case could have been filed in the Southern District of Iowa (*see* Transfer Opp'n 4), the factors identified above favor keeping the case here. As an initial matter, the City "chose New York as its forum, a decision that is given great weight," *D.H. Blair & Co.*, 462 F.3d at 107, where there are no indicia of forum shopping, *cf. Gross v. British Broad. Corp.*, 386 F.3d 224, 230-31 (2d Cir. 2004) (holding that, in a *forum non conveniens* analysis, deference to the plaintiff's choice of forum increases absent forum shopping); *Vanity Fair Mills, Inc. v. T. Eaton Co.*, 234 F.2d 633, 645 (2d Cir. 1956) (noting that "§ 1404(a) has, in effect, codified and replaced [*forum non conveniens*] doctrine whenever the more convenient tribunal is a United States district court where the action 'might have been brought'"); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) ([F]*orum non conveniens* considerations are helpful in deciding a § 1404 transfer motion."). Here, the City represents that it "brought this case in New York in good faith belief that it was and still is the most appropriate forum" (Transfer Opp'n 7), and there is no basis to second guess that representation given, among other things, that the case was (and is) brought as a putative *nationwide* class action; that two of the original six defendants (one of whom, Nice-Pak, remains in the case) reside in New York, while the largest corporate defendant, P&G, maintains an office in New York (*id*. at 6-7); and that the case is based on "the design, development, [and] marketing of flushable wipes" (*id*. at 11). Notably, *none* of the Defendants currently resides or operates in the Southern District of Iowa — leading Rockline to undertake the rather silly exercise of attempting to calculate, with respect to P&G and Kimberley-Clark (both of which oppose

3

transfer), the inconvenience of flying to and from various destinations. (*See* Docket No. 137 ("Rockline's Transfer Mem.") 18-20 (making arguments based on, among other things, which airports inflict the worst delays on travelers)). By the same logic that presumes a plaintiff's chosen forum is convenient for the plaintiff, it is safe to conclude that New York is more convenient for P&G and Kimberley-Clark based on their opposition to transfer. (*See* Transfer Opp'n 22 ("P&G and K-C expect that it will be easier for its employees for travel to this District than the Southern District of Iowa . . . .")). And, as noted, Nice-Pak, although apparently agnostic, itself resides in New York. In short, because there is no indication that the City chose New York for illegitimate forum-shopping reasons, its choice "should not be disturbed unless the balance of the factors tips heavily in favor of a transfer." *Rush*, 923 F. Supp. 2d. at 556-57.

The balance of the remaining factors does not tip in favor of transfer, let alone heavily. For one thing, although Rockline devotes a substantial amount of its briefing to a list of possible third-party witnesses residing in Iowa (Rockline's Transfer Mem. 4-7), it fails to demonstrate by clear and convincing evidence that any witnesses located in the Southern District of Iowa "would be particularly inconvenienced if this action remains in the Southern District of New York." *Flood v. Carlson Rests. Inc.*, 94 F. Supp. 3d 572, 577 (S.D.N.Y. 2015); *see also AIG Fin. Prods. Corp. v. Pub. Util. Dist. No. 1*, 675 F. Supp. 2d 354, 371 (S.D.N.Y. 2009) ("The availability of process to compel the attendance of witnesses is a neutral factor here because neither party has identified a witness who would be unwilling to testify without compulsion."). For another, as Defendants P&G and Kimberley-Clark themselves point out, any non-party witnesses residing in Iowa "surely will be deposed in Iowa no matter where this case is venued, and their depositions can be used in the unlikely event that this putative class action goes to trial." (Transfer Opp'n 21 (citing *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000) ("[T]he

unavailability of process over third-party witnesses does not compel transfer when the practical alternative of offering videotaped or deposition testimony of a given witness exists."), and, *Drees v. Lykes Bros. S.S. Co.*, 500 F. Supp. 15, 18 (S.D.N.Y. 1980) ("[T]he weight given to the convenience of the witnesses may be diminished in view of the fact that their testimony is often in the form of depositions.")).  And the other factors argued by Rockline are either neutral or actually weigh against transfer.  For instance, Rockline states that a New York jury could not go on a "site visit" to any locations in Iowa, but explains neither what would be gained by such a visit nor why presenting evidence in a courtroom would be inadequate absent a site visit.  (Rockline's Transfer Mem. 7-8, 13; *see also* Transfer Opp'n 15).  Similarly, although Rockline concedes that, with respect to documents, venue is irrelevant when they are accessible electronically (Rockline's Transfer Mem. 9), *see Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 484 (S.D.N.Y. 2007) ("The location of relevant documents is largely a neutral factor in today's world of faxing, scanning, and emailing documents."), *aff'd sub nom. N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102 (2d Cir. 2010), it asserts, again without explanation, that documents in Iowa are "likely" maintained in paper form.  (Rockline's Transfer Mem. 8-9; *id.* at 13 ("many of which *may* not be electronic" (emphasis added)).  As P&G and Kimberley-Clark aptly note, however, "Rockline's best guess regarding Plaintiff's documents — which have not yet been produced or even discussed — does not constitute the clear and convincing evidence needed to show that this factor weighs in favor of transfer."  (Transfer Opp'n 22).  Finally, given the Court's familiarity with the matter and the applicable law, efficiency clearly favors the existing forum.

In closing, it bears repeating that none of Rockline's three co-defendants supports its motion, and two co-defendants actively oppose it.  Thus, of the five entities still involved in this

litigation, only one actually seeks transfer.  Considerations grounded in basic fairness (indeed, in basic arithmetic) thus weigh against transfer.  Whether or not that alone would be sufficient to deny the present motion, Rockline plainly fails to prove its case for transfer by clear and convincing evidence.  Accordingly, Rockline's motion is DENIED.

The Clerk of Court is directed to terminate Docket No. 136.

SO ORDERED.

Date: September 28, 2016
    New York, New York

JESSE M. FURMAN
United States District Judge