**Via ECF**                                                                                                June 14, 2017
Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

    **Re:** *City of Perry, Iowa v. Procter & Gamble Co.*, No. 15-cv-08051 (S.D.N.Y.)
       Plaintiff's Letter-Motion for an Informal Conference Seeking a Protective Order

Dear Judge Furman:

  Pursuant to this Court's Individual Practices and Fed. R. Civ. P. 26(c), Plaintiff hereby respectfully requests an informal conference and further seeks a protective order preventing undue burden from being imposed upon Plaintiff City of Perry ("Perry"). Defendants have noticed eight (8) depositions to take place in New York, including the deposition of the ranking government official, Mayor Jay Pattee. Despite repeated attempts, Defendants have refused to accommodate Perry's requests for a closer and more reasonable deposition location (Chicago or Des Moines), nor have Defendants met its burden of justifying the need to depose a high-ranking governmental official. *See generally*, *Lederman v. N.Y. City Dep't of Parks & Rec.*, 731 F.3d 199, 203 (2d Cir. 2013) ("We now hold that to depose a high-ranking government official, a party must demonstrate exceptional circumstances justifying the deposition"). Defendants' outright refusal to compromise has prompted this letter and now a protective order is necessary to safeguard Perry from any unreasonable and undue burden. *See* Fed. R. Civ. P. 26(c)(1) (courts "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."); *see also*, *City of N.Y. v. FedEx Ground Package Sys.*, 2016 U.S. Dist. LEXIS 56553, at *15-16 (S.D.N.Y. Apr. 27, 2016).

**I.**  **No "Exceptional Circumstances" Have Been Provided by Defendants**

  To depose Mayor Jay Pattee, a ranking governmental official at Perry, Defendants must carry its burden of demonstrating that "exceptional circumstances" exist. *See Lederman*, 731 F.3d at 203. Perry provided Defendants with pertinent authority on this matter in its May 18 letter. *See* Ex. A. Yet, despite a subsequent meet and confer, numerous emails and documents exchanged, and the burden resting squarely upon the defense, none of the four Defendants have provided Perry with the requisite justification, let alone the 'exceptional' reasons that the law demands. Defendants have had ample opportunity to provide countervailing authority and their failure to do so is telling. Good cause exists for a protective order to shield the mayor from Defendants' tactics.

**II.**  **Forcing Critical City Government Employees to Attend Depositions in New York Creates a Substantial Hardship**

  While plaintiffs may be deposed in the venue where the action is brought, this is not an "absolute [rule] as to the location of the deposition of a nonresident plaintiff." *Estate of Gerasimenko v. Cape Wind Trading Co.*, 272 F.R.D. 385, 389 (S.D.N.Y. 2011) (allowing

Honorable Jesse M. Furman
June 14, 2017
Page 2 of 4

deposition by remote means after demonstrating that traveling to New York would impose a substantial burden); *see also*, *Normande v. Grippo*, 2002 U.S. Dist. LEXIS 501, at *4 (S.D.N.Y. Jan. 14, 2002) ("But this is at best a general rule, and is not adhered to if plaintiff can show good cause for not being required to come to the district where the action is pending") (citations omitted). Like *Gerasimenko* and *Normande*, a wholly unnecessary burden exists here as a result of Defendants' collective discovery tactics. *Id*. Good cause for an alternative location exists as Perry faces the prospect of having a significant number of critical, top-level employees absent from the leanly-staffed City for a minimum of three consecutive days. *See generally*, Decl. of Proposed Deponents, Ex. B-D. Many will be unable to satisfy their duties, and perform tasks as required by local, state, and federal regulations. *Id*. This would subject Perry to oppressive and unnecessary burdens. *Id*.

For example, Sven Peterson (city administrator), and Susie Moorhead (finance officer) are currently set to be deposed on back-to-back days, an untenable proposal. Perry is a small municipality, with an extremely limited administrative staff at its city hall—a fact known to Defendants since their collective visit to Perry. *See* Ex. E at 2 (highlighting the small nature of the city and staff). Defendants' depositions, if held in New York, would effectively cripple Perry's ability to handle administrative and financial matters (such as representing the city in negotiations and handling relations with employees, consultants, and governmental entities) for nearly an entire week. Thus, Perry is surprised by Defendants' June 7 communication and outright refusal to compromise in any way.

In defense of their intransigence, Defendants rely on two readily distinguishable cases. In *A.I.A. Holdings, S.A. v. Lehman Bros.*, the court only found a protective order unwarranted because of the inadequacy of "unsworn statements," and despite this, still granted the plaintiffs there an opportunity to provide supplemental evidence. 2002 U.S. Dist. LEXIS 9218, at *12 (S.D.N.Y. May 20, 2002). Conversely here, Perry has provided declarations from several of the key proposed deponents and would provide further evidence from other deponents if the Court so requires. Likewise, in *Clem v. Allied Van Lines Int'l Corp.*, the court allowed a New York deposition to go forward because "plaintiff failed to cite a single case" and because the deponent would be in the area anyway while traveling, thus "minimiz[ing] the hardship on him." 102 F.R.D. 938, 940 (S.D.N.Y. 1984). Not only has Perry provided relevant case law on the issue, but clearly, Perry officials have no preexisting plans to visit New York. Defendants cannot in good faith deny the fact that, by insisting on New York as the deposition location, they effectively and markedly increase the burden upon Perry and its employees.

### III. Defendants Assert No Claims of Prejudice, and Any Purported Prejudice is Far Outweighed by the Substantial Hardship to Plaintiff

In evaluating a deposition location, "courts must strive to achieve a balance between claims of prejudice and those of hardship." *Connell v. City of N.Y.*, 230 F. Supp. 2d 432, 436 (S.D.N.Y. 2002) (citations omitted). Defendants have not asserted that any prejudice would result if the deposition were to occur outside of New York. During the June 2 meet and confer, Perry offered a reasonable compromise, namely, to hold depositions in either Des Moines, Iowa (closest large city), or possibly Chicago, Illinois (subject to further negotiations). Perry felt, and still feels, that this was a reasonable proposal as three out of the four defense firms maintain offices just across Iowa's state lines—with two of these

firms maintaining an office in Chicago.  The ease with which Defendants can conduct depositions in the Midwest is proven by the fact that Defendants have already agreed to take the third-party deposition of Bolton & Menk[1] in Des Moines, Iowa.

Defendants will undoubtedly raise the issue that Perry originally opposed the transfer to Iowa (Dkt. 142), but they fail to account for their own admissions that "surely [some witnesses] will be deposed in Iowa no matter where this case is venued." *See* Order on Transfer, Dkt. 150 at 4 (quoting Defendants P&G and Kimberly-Clark).  More importantly, at least one other Defendant has explicitly recognized that traveling "over 1,000 miles … would cost [Perry's] citizens more money and be far more inefficient" (*see* Dkt. 137 at 16), and yet, the Defendants refuse to budge on the issue. *See Jin-Jo v. JPMC Specialty Mortg. LLC*, 2011 U.S. Dist. LEXIS 33033, at *2-3 (W.D.N.Y. Mar. 29, 2011) (balancing between prejudice and hardship, courts must "always [be] guided by the…just, speedy and inexpensive determination of every action.") (citations omitted).  Defendants' outright rejection of any cooperation with Perry and its hopes of ultimately minimizing the hardships imposed, is revealing and demonstrates their tactics to date.

The hardship is real. *See* Ex. B-D.  And the hardship will only grow more substantial as a direct result of Defendants' unwillingness to compromise.  Perry wishes to ensure that the depositions are taken in a manner that minimizes difficulties on *all parties* involved.  The offer of Des Moines (or even Chicago) represented a good faith effort to reach a middle ground.  Given that the Court must weigh the claims of prejudice asserted by Defendants (none provided) against those of hardship (substantiated by Perry), the pendulum swings clearly in Perry's favor and, as such, good cause exists to grant a protective order.

### IV. The Court Should Issue an Order Requiring a More Convenient Location or Allowing for Alternative Methods of Depositions to Take Place

The Court maintains "broad discretion" to issue protective orders when appropriate. *See City of N.Y.*, 2016 U.S. Dist. LEXIS 56553, at *15-16.  Courts may craft protective orders to fit the circumstances of the case. *Ambac Assur. Corp. v. Adelanto Pub. Util. Auth.*, 2012 U.S. Dist. LEXIS 64086, at *8 (S.D.N.Y. May 7, 2012).  If the Court finds it necessary, it may order that the parties conduct the depositions by remote means either telephonically or by video. *See Gerasimenko*, 272 F.R.D. at 386.  In fact, this Court recognizes the presumption that telephonic depositions are valid. *Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 397-98 (S.D.N.Y. 2006).  The presumption should apply here as there are no indications that a telephonic deposition will hinder Defendants' ability to properly conduct a deposition.

Plaintiff respectfully requests that the Court fashion a protective order that protects the City of Perry from undue burdens and minimizes the hardships imposed by locating the depositions near or inside the state of Iowa or, alternatively, allowing remote means for the depositions.

---

[1] Perry makes this statement upon information and belief, as Defendants have failed to provide any formal notice to Perry that such a deposition were to take place.

Honorable Jesse M. Furman
June 14, 2017
Page 4 of 4

        Respectfully submitted,

          /s/ S. Clinton Woods
        S. Clinton Woods
        Ling (David) Kuang
        Michael McShane
        AUDET & PARTNERS, LLP
        711 Van Ness Ave, Suite 500
        San Francisco, CA 94102
        (415) 568-2555

        Matthew Prewitt
        Charles LaDuca
        CUNEO GILBERT & LADUCA, LLP
        16 Court Street
        Suite 1012
        Brooklyn, NY 11241
        (929) 258-7815

        J. Barton Goplerud
        SHINDLER, ANDERSON, GOPLERUD & WEESE, PC
        5015 Grand Ridge Drive, Suite 100
        West Des Moines, IA 50265
        (515) 223-4567