By ECF                                                                                                                June 19, 2017

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

                Re:   *City of Perry, Iowa v. Procter & Gamble Company, et al.*, **No. 15-cv-08051 (JMF)**

Dear Judge Furman:

      Defendants oppose Plaintiff's Letter-Motion for an Informal Conference Seeking a Protective Order [ECF 185] (hereinafter "Letter-Motion"). Plaintiff City of Perry ("Plaintiff" or "Perry") requests the Court require Defendants to take the depositions of Plaintiff's witnesses, including Perry's employees and 30(b)(6) designees, "in or near Perry, Iowa." Plaintiff requests protection from proceeding in New York despite filing its case in New York and opposing a motion to transfer to Iowa, because Plaintiff now contends that New York depositions create an "oppressive and unnecessary burden" that would effectively shut down Perry. (Letter-Motion 2.) Such an allegation is unfounded.

      **A.**      **Plaintiff Chose New York as the Forum in Which to File this Lawsuit.**

      While Defendants would agree to take the depositions of Plaintiff's employees in New York—or Chicago[1] if there are witnesses for whom travel to New York would present an undue burden—they oppose Plaintiff's efforts to move the depositions to Iowa. It is well-established that defendants are entitled to examine a plaintiff in the forum where the plaintiff chose to sue. *See, e.g., MPD Accessories B.V. v. Target Corp.*, No. 12-cv-7259(RJS), 2013 WL 1200359, at *1 (S.D.N.Y. Mar. 1, 2013) (compelling depositions of plaintiff's employees in New York because "this district has 'long enunciated the policy of requiring a non-resident plaintiff who chooses this district as his forum to appear for deposition in this forum absent compelling circumstances'") (internal citation omitted).[2] Here, Perry not only chose New York as its forum of choice, but affirmatively *opposed* a Motion to Transfer Venue filed by Defendant Rockline on the grounds that the "balance of convenience" favors New York. (*See* Pl.'s Opp. 4 [ECF 142].) Plaintiff also explicitly "waived the convenience of litigating in its home forum." (*Id.* at 22.)

      **1.**      **The Burdens Plaintiff Invokes as to *Some* Employees Do Not Justify Unseating New York as the Location for *All*, If Any, Depositions.**

      Defendants noticed and subpoenaed seven witnesses for deposition and one Rule 30(b)(6) deposition. Perry's last-minute motion to sideline all of those depositions only identifies *two* or perhaps three witnesses whom it suggests will be unduly burdened by depositions in New York.

---

[1] Plaintiff hints it is willing to entertain Chicago as a possible location, but have not explicitly offered it.

[2] *Accord* M.C. Silberberg, *Civil Practice in the Southern District of New York* § 17.11 (2d ed. 2000); 8A Wright & Miller, FED. PRAC. & PROC. § 2112 (3d ed.); *Restis v. Am. Coal. Against Nuclear Iran, Inc.*, No. 13-cv-5032, 2014 WL 1870368, at *3 (S.D.N.Y. Apr. 25, 2014) (compelling New York deposition of plaintiff who filed here).

This is not sufficient to carry Perry's burden to move *all* depositions away from where it brought suit, and the burdens Perry identifies even as to these specific witnesses are not persuasive.

Plaintiff's contentions that it is improper to depose the Mayor in New York should be rejected. (Letter-Motion 1-2.) First, it is unclear whether the Mayor will need to be deposed because Defendants are, and have always been, willing to depose a more appropriate representative if there is one, and offered amended Rule 30(b)(6) notice topics for this very reason. To date, however, Plaintiff has refused to designate any 30(b) witness(es). Moreover, noticing the Mayor's deposition was not a "discovery tactic." (Letter-Motion 1-2.) Plaintiff, a municipality, filed a nationwide putative class action claiming that Defendants' flushable wipes have harmed Perry. Defendants are entitled to depose City representatives with knowledge and decision-making authority regarding this case (particularly where it appears that documents may have been destroyed). The Mayor appears to have personal knowledge on many key topics.[3]

Second, Plaintiff contends it will effectively "shut down" if depositions proceed in New York, based on the supposed burdens of Mr. Peterson (City Administrator) and Ms. Moorhead (finance officer) being deposed on back-to-back days. (Letter-Motion 2.) This concern can be easily addressed; Defendants' counsel are willing, and have attempted, to work with Plaintiff to stagger deposition dates to best accommodate Perry's day-to-day operations. Perry, however, has been unwilling to engage Defendants regarding the logistics of these depositions.[4]

Indeed, Defendants first notified Plaintiff of its desire to take certain depositions on March 29, offering to discuss scheduling for depositions the week of May 9. (*See* H. Liu email, **Ex. A**.) After Perry refused to engage on the issue until the depositions were formally noticed, and after several meet and confers, Defendants served deposition notices on May 3 for the week of June 5. (*See* Dep. Notices, **Ex. B**.) Plaintiff did not object to the Notices until two weeks later. (*See* Objections, **Ex. C**) In an attempt to limit and possibly eliminate the need for some of the individual depositions requested, including the Mayor's, Defendants have repeatedly asked Plaintiff to designate the individuals who will provide testimony in response to a Rule 30(b) Notice and have amended the topics in the 30(b) Notice to capture most of the subjects on which they seek testimony from Perry. (*See* June 6, 2017 Am. 30(b)(6) Dep. Notice, **Ex. D**.) Plaintiff failed to designate its 30(b) witnesses and instead delayed the process by repeatedly canceling multiple meet and confers. (*See, e.g.*, emails between C. Dean and S.C. Woods, **Ex. E**.) The depositions were re-noticed for the week of June 19 after Plaintiff indicated that its witnesses were no longer available earlier in June. (*See* Am. Dep. Notices, **Ex. F**.) Defendants still have not received Plaintiff's designations. Moreover, Plaintiff waited to file its Letter-Motion until June 15, making Defendants' response due on the first day of scheduled depositions.[5]

---

[3] Plaintiff's reliance on *Lederman v. N.Y. City Dep't of Parks & Rec.*, 731 F.3d 199, 203 (2d Cir. 2013) is flawed. That court considered whether it was proper to depose Mayor Bloomberg in a suit brought against the City. Here, by contrast, the municipality *affirmatively* chose to bring a lawsuit. Moreover, the Mayor himself admits that his "presence in the City Hall is usually required for roughly *one hour* per week." [ECF 185-2 ¶ 3 (emphasis added).]

[4] The witnesses' other suggested burdens are exaggerated. With nonstop flights between Des Moines—which is 40 miles from Perry—and multiple New York airports, depositions would not require any witnesses to be away from work in Perry for three full days. [*Cf.* ECF 185-2 ¶ 8, 185-3 ¶ 7; 185-4 ¶ 8.]

[5] Plaintiff then wrote to Defendants to declare that it has no intention of complying with the properly noticed (continued...)

All told, the impact will be far less than Perry can expect should this case go to trial. Considering that Perry argued to this Court that "trial efficiency" was a factor that favored New York *over* Iowa, it is reasonable to expect Perry to produce its witnesses for single-day depositions in New York. Nonetheless, if this Court is persuaded that sitting for deposition in New York would impose an extraordinary burden on any of the three witnesses at issue, Defendants are willing to compromise on the deposition location and proceed with the depositions in Chicago, as Plaintiff suggests it may be willing to do. (Letter-Motion 1-2.)[6]

### 1. New York is Convenient.

Plaintiff has not demonstrated New York is an unfairly burdensome location for depositions of its employees. At least one defendant (Kimberly-Clark) chose New York-based lead counsel based on the forum in which this case was filed and chose to waive personal jurisdiction to proceed in this forum, cognizant of the convenience it would gain. Kimberly-Clark's counsel and Procter & Gamble's counsel both maintain significant office spaces in New York, and the depositions have been noticed for Kimberly-Clark's counsel's offices where office space, breakout rooms, videoconferencing, and other office support services are available at little or no cost. While the Parties and other attorneys are scattered across the country, direct flights are available and hotel rooms are abundant in New York. Travel to Perry, on the other hand, would necessitate connecting flights for some Parties and counsel, longer travel times, and the cost of facilities and other resources. No Defendant has local counsel in Iowa.[7]

### B. Conducting the Depositions Telephonically is Untenable.

Plaintiff claims that there is "no indication[] that a telephonic deposition will hinder Defendants' ability to properly conduct a deposition." (Letter-Motion 3.) These depositions are those of the Named Plaintiff in a nationwide putative class action. They are crucial to Defendants' case and will be attended in person by all Defendants and some of their clients. Personal attendance aside, the depositions are also likely to be exhibit-heavy, which would make telephonic depositions logistically problematic.

For these reasons, Defendants request that this Court deny Plaintiff's motion and instead order Plaintiff to **"**make its employees available to Defendants for deposition in New York," recognizing that "Defendants should, to the extent possible, minimize any burden on Plaintiff," *MPD Accessories*, 2013 WL 1200359, at *1.

---

depositions (*see* S.C. Woods email, **Ex. G**.) and served additional objections to Defendants' Amended Rule 30(b)(6) notice, which raised numerous objections for the first time. (*See* Am. Objections, attached as **Ex. H**.)

[6] Defendants may have agreed to scheduling certain depositions in Chicago if Plaintiff had identified a burden presented by New York and offered Chicago as an alternative locale during the meet and confer process. Consistent with the oblique reference to Chicago in *Perry*'s Letter-Motion, Plaintiff's counsel raised the *possibility* of deposing some unidentified (but not all) witnesses in Chicago, for the first time, on June 2 in a telephonic meet and confer.

[7] Plaintiff argues that "[t]he ease with which Defendants can conduct depositions in the Midwest is proven by the fact that Defendants have already agreed to take the third-party depositions of Bolton & Menk in Des Moines, Iowa." (Letter-Motion 3.) The location of third party depositions is irrelevant to the appropriate location of Plaintiff's depositions. Third-party depositions must take place within 100 miles of the third-party's location. *See* Fed. R. Civ. Pro. 45 (c)(1).

Respectfully submitted,

s/ Eamon P. Joyce*
Eamon P. Joyce
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
(212) 839-8555
ejoyce@sidley.com

*Counsel for Kimberly-Clark Corporation*

s/ Karl Bekeny*
Karl Bekeny
Tucker Ellis LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
(216) 696-2699
karl.bekeny@tuckerellis.com

*Counsel for Nice-Pak Products, Inc.*

/s/ S. Jamal Faleel*
S. Jamal Faleel
Blackwell Burke P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55369
(612) 343-3238
jfaleel@blackwellburke.com

*Counsel for Defendant Rockline Industries*

s/ Henry B. Liu*
Henry B. Liu
Covington & Burling, L.L.P
One City Center, 850 10th Street NW
Washington, DC 20001
(202) 662-6000
hliu@cov.com

*Counsel for The Procter & Gamble Company*

cc: All counsel of record (by ECF)

*Electronic signatures are used with consent in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions.