USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/20/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                    :

CITY OF PERRY, IOWA,                  :
                                    :

              Plaintiff,        :              15-CV-8051 (JMF)
                                    :

            -v-                :        MEMORANDUM OPINION
                                    :           AND ORDER

PROCTER & GAMBLE COMPANY, et al.,     :
                                    :

             Defendants.      :
                                    :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

In this action, familiarity with which is presumed, the City of Perry, Iowa ("Perry" or the "City"), brings a putative class action against six leading manufacturers of so-called "flushable wipes." In brief, Perry alleges that, contrary to Defendants' representations, the wipes are not actually "flushable" because they do not degrade after being flushed down a toilet, leading to clogs in and other damage to municipal sewer systems, wastewater treatment plants, and public buildings. In this Memorandum Opinion and Order, the Court addresses three pending motions: a letter motion filed by Perry seeking an extension of the deadline to complete fact discovery (Docket No. 186); a letter motion filed by Perry seeking a protective order precluding Defendants from deposing the City's mayor and requiring that the depositions of other City officials take place in or close to Iowa (Docket No. 185); and a motion filed by Kimberly-Clark Corporation ("Kimberly-Clark") seeking sanctions against Perry for failing to conduct a reasonable inquiry to confirm the facts alleged in its complaint. (Docket No. 167).

***The Extension Motion.*** First, Perry moves for an extension of the fact-discovery deadline from July 14, 2017, to September 1, 2017, based on "delayed productions from

Defendants, coupled with the high volume of these latter productions." (Docket No. 186, at 1).

Perry suggests that September 1, 2017, is a sensible new deadline because that is the current fact-discovery deadline in a similar action pending in the District of Minnesota, *City of Wyoming v. Procter & Gamble Co.*, No. 15-CV-02101 (D. Minn.). (*Id.* at 1 n.1). Defendants consent to "a brief extension," but take some issue with Perry's account of the discovery process and opposes any "tracking" of discovery in *Wyoming*. (Docket No. 192, at 1, 3).

Upon review of the parties' submissions, the Court finds good cause to grant a one-time brief extension — based in part on the recent production by two Defendants of almost 100,000 additional pages of discovery. (Docket No. 186, at 2). Nevertheless, the Court agrees with Defendants that formally linking the schedule in this case to the schedule in *Wyoming* is unnecessary and inadvisable, given differences between the two cases and the likelihood of additional extensions in the Minnesota case. (The Court does, however, encourage the parties to coordinate discovery in the two cases as much as possible to minimize avoidable duplication.) Accordingly, the fact-discovery deadline is hereby extended to **August 14, 2017**. In light of that extension, the pretrial conference scheduled for July 18, 2017, is adjourned to **August 15, 2017**, at **10:45 a.m.** The parties shall confer and advise the Court, either at or before that conference, if they believe that the any other deadlines in the case should be modified as well. No further extensions of the fact-discovery deadline will be granted absent extraordinary circumstances.

***The Protective Order Motion.*** Next, Perry moves for a protective order, principally to require that the depositions of its officials take place in or near Iowa rather than in New York. Based on its review of the parties' letters and exhibits, the Court questions whether Perry adequately conferred with Defendants in good faith about these issues before filing its letter motion and whether Perry sought relief in a timely fashion. Nevertheless, the Court need not

decide whether that would provide an independent basis to deny Perry's request, because the City fails to establish good cause to deviate from the "general rule" that a "a plaintiff, having selected the forum in which the suit is brought, will be required to make himself or herself available for examination there." *Estate of Gerasimenko v. Cape Wind Trading Co.*, 272 F.R.D. 385, 387 (S.D.N.Y. 2011) (citing cases). Notably, Perry not only filed suit in this District, but also affirmatively opposed a motion to transfer venue to its home district on the ground that the "balance of convenience" favors New York and that the City had "waived the convenience of litigating in its home forum." (Docket No. 142, at 4, 22). Moreover, while it asserts that depositions in New York would result in "oppressive and unnecessary burdens" on the City because "a significant number of critical, top-level employees [would have to be] absent from the leanly-staffed City for a minimum of three consecutive days" (Docket No. 185, at 2), the record does not support that assertion. The City attaches declarations from only two City officials who allege that their simultaneous absence would interfere with orderly municipal operations (*id.* Exs. C-D), and Defendants explicitly state that they "are willing . . . to work with [Perry] to stagger deposition dates" of those and other witnesses "to best accommodate Perry's day-to-day operations." (Docket No. 191, at 2). Based on that representation, and Perry's failure to show that depositions in New York would result in any other hardship, the request for a protective order requiring that the depositions take place in or near Iowa is denied.[1]

In its motion, Perry also seems to seek a protective order precluding Defendants from deposing the City's mayor altogether. (Docket No. 185, at 1). Specifically, relying on *Lederman*

---

[1] That said, the Court notes that the parties all indicate a potential willingness to conduct the depositions in Chicago. (*See* Docket No. 185, at 2; Docket No. 191, at 1). The Court encourages the parties to confer further and to conduct depositions in Chicago if it would be a substantially more convenient venue for those depositions than New York. Absent agreement among the parties, however, the depositions shall take place in New York.

*v. N.Y. City Department of Parks & Recreation*, 731 F.3d 199, 203 (2d Cir. 2013), Perry

contends that Defendants have not demonstrated "exceptional circumstances" that would justify

the deposition of "a high-ranking government official." (Docket No. 182, at 1). Whether

*Lederman* would ultimately call for granting Perry's application is not a given, both because the

case for shielding government officials from depositions is arguably weaker where, as here, the

official's government unit is the plaintiff rather than a defendant and because the *Lederman*

Court's primary rationale — that high-ranking officials "have greater duties and time constraints

than other witnesses," 731 F.3d at 203 (internal quotation marks omitted) — does not appear to

apply in this case. (*See* Docket No. 185 Ex. B, ¶ 4 ("As the Mayor of the City of Perry, . . . my

presence in the City Hall is usually required *for roughly one hour per week*." (emphasis added)).

But the Court need not resolve the issue now, as Defendants indicate that "it is unclear whether

the Mayor will need to be deposed because Defendants are . . . willing to depose a more

appropriate representative if there is one." (Docket No. 191, at 2). Accordingly, to the extent

Perry seeks an order precluding Defendants from deposing the City's mayor, the motion is

denied as unripe, without prejudice to a renewed application after the parties have conferred in

good faith and exhausted efforts to resolve any dispute.

　　　**The Sanctions Motion.**  Finally, Kimberly-Clark — alone — moves, pursuant to Rule 11

of the Federal Rules of Civil Procedure and Title 28, United States Code, Section 1927, for

sanctions against Perry for failing to conduct a reasonable inquiry to confirm the facts alleged in

its complaint. (Docket No. 167). Rule 11 places an "'affirmative duty on each attorney to

conduct a reasonable inquiry into the viability of a pleading before it is signed.'" *Gutierrez v.*

*Fox*, 141 F.3d 425, 427 (2d Cir. 1998) (quoting *Eastway Constr. Corp. v. City of New York*, 762

F.2d 243, 253 (2d Cir. 1985)). The standard for imposing Rule 11 sanctions, however, is

purposefully high, so as not to stifle legal creativity and zealous advocacy. Thus, a court must "resolve all doubts in favor of the signer" of the pleading, *Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir. 1993), and may impose sanctions only where an attorney's conduct was "objective[ly] unreasonable[]," *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 387 (2d Cir. 2003). Sanctions are appropriate only where "it should have been patently obvious to any attorney who had familiarized himself with the law" that his action was frivolous. *Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 773 (2d Cir. 1988); *see, e.g.*, *Morley v. Ciba-Geigy Corp.,* 66 F.3d 21, 25 (2d Cir. 1995) ("An argument constitutes a frivolous legal position for purposes of Rule 11 sanctions if, under an objective standard of reasonableness, it is clear . . . that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands."). "The fact that a legal theory is a long-shot does not necessarily mean it is sanctionable." *Fishoff v. Coty Inc.,* 634 F.3d 647, 654 (2d Cir. 2011).

Applying those standards here, the Court declines to impose sanctions on Perry under Rule 11 or under Section 1927, which requires an additional showing of "bad faith." *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1345 (2d Cir. 1991). Among other things, the First Amended Complaint indicates that representatives of the City physically observed flushable wipe materials in its sewage system and visited major retail outlets within Perry where they observed Kimberly-Clark's flushable wipes for sale. (Docket No. 78 ("FAC"), ¶¶ 7, 40-43; Docket No. 176 ("Woods Decl.") ¶ 3). Additionally, Perry officials and counsel reviewed court filings in the large number of cases that have been filed throughout the country challenging flushable wipes and considered media reports and studies regarding flushable wipes and their adverse effects on sewage systems. (Woods Decl. ¶¶ 4, 6; FAC at ¶¶ 26-38). Finally, Perry and counsel did independent research on

Kimberly-Clark's market presence and the underlying technology involved with their flushable wipes products. (Woods Decl. ¶ 5). Time and further proceedings will tell if Perry can back up its claims with admissible evidence and carry its burden of proof. Certainly, Kimberly-Clark's submissions suggest that Perry may ultimately have a difficult time doing so, not only with respect to Kimberly-Clark specifically but perhaps with respect to "flushable" wipes generally. But Perry's allegations remain untested and, even if they were ultimately to fall short, there is a substantial difference between a claim that loses and a claim that both loses and is sanctionable. Kimberly-Clark fails to persuade the Court that Perry's claims are of the latter variety.

The Clerk of Court is directed to terminate Docket Nos. 167, 185, and 186.

SO ORDERED.

Date: June 20, 2017
New York, New York

JESSE M. FURMAN
United States District Judge